## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| DAVID M. HENDY, | DOCKET NUMBER |
| Appellant, | CH-1221-19-0217-W-1 |
| v. | |
| DEPARTMENT OF VETERANS | DATE: June 12, 2024 |
| AFFAIRS, | |
| Agency. | |

## THIS ORDER IS NONPRECEDENTIAL[1]

<u>David M. Hendy</u>, Chicago, Illinois, pro se.

<u>Stephanie Macht</u>, Hines, Illinois, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

### REMAND ORDER

¶1        The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review,

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

REVERSE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

## BACKGROUND

¶2    On February 16, 2019, the appellant filed an IRA appeal with the Board alleging that his nonselection in or around May 2018 for a Green Environmental Management System (GEMS) Manager position at the Edward Hines, Jr. Veterans Affairs Hospital (Hines VA) constituted reprisal for making protected disclosures and engaging in protected activities under 5 U.S.C. § 2302(b)(8)-(9).   Initial Appeal File (IAF), Tab 1 at 3, 5, Tab 2 at 4-6, Tab 6 at 5-13.  Specifically, the appellant alleged that, during his prior employment as an Industrial Hygienist at the Hines VA from December 2015 through June 2016, he made, and was perceived to have made, disclosures about safety and health hazards and mismanagement.  IAF, Tab 6 at 24, 35-36, Tab 12 at 7, 28, Tab 13 at 16, 21-22. He further claimed that, at a meeting with the Hines VA Director in or around October 2017, he made, and was perceived to have made, disclosures about asbestos, mismanagement, and violations of veterans' preference laws.  IAF, Tab 6 at 24, Tab 12 at 17, Tab 13 at 17.

¶3    In addition, the appellant asserted that his May 2018 nonselection constituted reprisal for his engagement, and perceived engagement, in the following alleged activities:  (1) he filed an equal employment opportunity (EEO) complaint, a whistleblower reprisal complaint with the Office of Special Counsel (OSC),[2] and two Board appeals concerning his July 2013 termination from the Jesse Brown Veterans Affairs Medical Center (Jesse Brown VA), IAF, Tab 6 at 29, 35, Tab 13 at 18; (2) he filed a June 2016 complaint with the agency's Office of Inspector General (OIG) concerning safety issues at the Hines VA, IAF, Tab 2 at 5-6, Tab 6 at 24, 31, 34, 36, Tab 12 at 6, 9, Tab 13 at 21; (3) he filed

---

[2] The record contains documents pertaining to four separate OSC complaints the appellant filed.  The appellant's 2013 OSC complaint alleging that his termination was retaliatory was designated OSC File No. MA-13-4191.  PFR File, Tab 7 at 31-33.

complaints with the Department of Labor (DOL) under the Veterans Employment Opportunities Act of 1998 (VEOA) and the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA), a November 2017 OSC complaint,[3] and three IRA, VEOA, and USERRA appeals with the Board concerning the agency's failure to select him for positions in 2016-2017, IAF, Tab 2 at 5-6, Tab 5 at 6, 9, 18-20, 25, Tab 6 at 24-25, 34-35, Tab 12 at 5-7, 9, 12, 20, Tab 13 at 19-21; and (4) he filed a May 2018 VEOA complaint and an August 2018 USERRA complaint with DOL and two August 2018 VEOA and USERRA appeals with the Board concerning his nonselection for the GEMS Manager position, IAF, Tab 5 at 6, 21-22, 25, Tab 6 at 25, 30-31, Tab 12 at 6, 9-10, 25, 27, Tab 13 at 19.[4]

¶4      Without holding the appellant's requested hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 19, Initial Decision (ID) at 1-2, 13. Regarding the appellant's claim of retaliation for making protected whistleblowing disclosures under 5 U.S.C. § 2302(b)(8), she found that he failed to prove that he exhausted his administrative remedies before OSC. ID at 9-11. She further found that, although he proved exhaustion regarding his claim of retaliation for engaging in activities protected under 5 U.S.C. § 2302(b)(9) (specifically, filing a November 2017 OSC complaint, an August 2018 USERRA complaint with DOL, and an August 2018 Board appeal), he failed to nonfrivolously allege that he engaged in a protected activity that was a contributing factor in his nonselection. ID at 9-13.

---

[3] The November 2017 complaint, the second OSC complaint the appellant filed, was OSC File No. MA-18-1040. IAF, Tab 12 at 36, Tab 14 at 5.

[4] The appellant's pleadings are not a model of clarity and, as described in the initial decision, he has a lengthy and complicated history with the agency. IAF, Tab 19, Initial Decision at 2-7. In light of his pro se status, however, we have liberally construed his pleadings. *See Melnick v. Department of Housing & Urban Development*, 42 M.S.P.R. 93, 97-98 (1989), *aff'd*, 899 F.2d 1228 (Fed. Cir. 1990) (Table).

¶5      The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 4.[5] The agency has filed a response, PFR File, Tab 6, to which the appellant has replied, PFR File, Tab 7.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6      To establish jurisdiction in a typical IRA appeal under the Whistleblower Protection Enhancement Act of 2012 (WPEA),[6] an appellant must prove by preponderant evidence[7] that he exhausted his administrative remedies before OSC and make nonfrivolous allegations[8] that (1) he made a disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D), and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a)(2)(A).[9] *Corthell v. Department of Homeland Security*, 123 M.S.P.R. 417, ¶ 8 (2016), *overruled on other grounds by Requena v. Department of Homeland Security*, 2022 MSPB 39. Once an

---

[5] The appellant filed a perfected petition for review after the Office of the Clerk of the Board granted his request for an extension of time to file a perfected petition for review. PFR File, Tabs 2-4.

[6] Pursuant to the WPEA, effective December 27, 2012, Congress expanded the grounds on which an appellant may file an IRA appeal with the Board. *Rebstock Consolidation v. Department of Homeland Security*, 122 M.S.P.R. 661, ¶ 5 (2015). The alleged events at issue in the instant appeal occurred after the WPEA's effective date. The relevant holdings of pre-WPEA case law that we have cited in this Remand Order have not been affected by the WPEA.

[7] A preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

[8] A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue. 5 C.F.R. § 1201.4(s).

[9] The National Defense Authorization Act for Fiscal Year 2018 (2018 NDAA), Pub. L. No. 115-91, 131 Stat. 1283, was signed into law on December 12, 2017, after some of the events alleged in this appeal occurred. Section 1097 of the 2018 NDAA amended various provisions of Title 5 of the U.S. Code. Our decision to remand this appeal would be the same under both pre- and post-NDAA law.

appellant establishes jurisdiction over an IRA appeal, he is entitled to a hearing on the merits of his claim, which he must prove by preponderant evidence. *Rebstock Consolidation v. Department of Homeland Security*, 122 M.S.P.R. 661, ¶ 9 (2015). For the following reasons, we reverse the initial decision because we find that the appellant has established jurisdiction over this IRA appeal.

¶7    For the first time on review, the appellant has submitted additional documentation (including letters and emails with attachments) that he claims proves he exhausted his remedies with OSC[10] and shows he made nonfrivolous allegations of jurisdiction.[11] PFR File, Tab 2 at 15, 18, 28-33, Tab 7 at 5-6, 13, 20-22, 25-26, 31-33. We have considered such documentation because the issue of the Board's jurisdiction is always before the Board and may be raised by either party or sua sponte by the Board at any time during a Board proceeding. *Simnitt v. Department of Veterans Affairs*, 113 M.S.P.R. 313, ¶ 5 (2010).

The appellant has proven by preponderant evidence that he exhausted his administrative remedies before OSC.

¶8    Under 5 U.S.C. § 1214(a)(3), an employee is required to "seek corrective action from [OSC] before seeking corrective action from the Board" through an IRA appeal. *Miller v. Federal Deposit Insurance Corporation*, 122 M.S.P.R. 3, ¶ 6 (2014), *aff'd*, 626 F. App'x 261 (Fed. Cir. 2015). The substantive requirements of exhaustion are met when an appellant has provided OSC with a sufficient basis to pursue an investigation. *Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶ 10. The Board's jurisdiction over an IRA appeal is limited to those issues that have been previously raised with OSC, but appellants may give a more detailed account of their whistleblowing activities before the Board than they did to OSC. *Id.* An appellant who raises a claim of reprisal for

---

[10] The OSC complaint in which the appellant raised the claims at issue in this appeal was OSC File No. MA-18-5251. IAF, Tab 12 at 33-34.

[11] In addition, the appellant has resubmitted OSC correspondence that already is a part of the record before the administrative judge. PFR File, Tab 2 at 27, Tab 7 at 23-24, 27-30; IAF, Tab 1 at 8-9, Tab 14 at 5-7, 9-10, Tab 18 at 45.

perceived whistleblowing or perceived engagement in activity protected under 5 U.S.C. § 2302(b)(9) must establish that he exhausted his remedies with OSC regarding that claim. *King v. Department of the Army*, 116 M.S.P.R. 689, ¶ 9 (2011); *see Corthell*, 123 M.S.P.R. 417, ¶¶ 12-13. Appellants may demonstrate exhaustion of their OSC remedies with evidence regarding their initial OSC complaint and other communications with OSC concerning their allegations. *See Baldwin v. Department of Veterans Affairs*, 113 M.S.P.R. 469, ¶ 8 (2010).

¶9 On petition for review, the appellant argues that he has proven exhaustion regarding his claim that his nonselection for the GEMS Manager position constituted reprisal for making protected disclosures and engaging in protected activities under 5 U.S.C. § 2302(b)(8)-(9). PFR File, Tab 4 at 5-9, Tab 7 at 5-13. For the following reasons, we agree.

*The appellant has proven exhaustion regarding his reprisal claims under 5 U.S.C. § 2302(b)(8).*

¶10 Based on the appellant's submission of the following evidence, we find that he has proven exhaustion regarding his reprisal claims under 5 U.S.C. § 2302(b)(8). He submitted a December 14, 2018 letter from OSC that summarized his whistleblower reprisal complaint as alleging that the agency failed to select him for the GEMS Manager position in retaliation for, among other things, his report in 2016 of "possible problems with asbestos" in a Veterans Affairs Medical Center. IAF, Tab 1 at 8-9.[12] He further submitted a January 16, 2018 email that he sent to OSC in response to its preliminary determination to close its inquiry into his prior whistleblower reprisal complaint concerning his nonselections in 2016-2017. IAF, Tab 12 at 36-43. In that email, he alleged that he made, and was perceived to have made, disclosures about safety and health hazards and

---

[12] If the appellant chooses to submit correspondence from OSC, it may be relied upon to prove exhaustion of remedies with OSC. *See Lewis v. Department of Defense*, 123 M.S.P.R. 255, ¶ 10 (2016). However, the administrative judge may not rely upon OSC's decision or its characterization of the appellant's allegations to make findings on the merits of his IRA appeal. *See* 5 U.S.C. § 1214(a)(2)(B); *Cassidy v. Department of Justice*, 118 M.S.P.R. 74, ¶ 16 (2012).

mismanagement to agency officials during his prior Hines VA employment as an Industrial Hygienist. *Id.* The appellant declared under penalty of perjury that he explained to OSC in his most recent OSC complaint that his nonselection for the GEMS Manager position constituted additional reprisal for the matters described in his January 16, 2018 email. PFR File, Tab 7 at 3, 5; IAF, Tab 12 at 3, 6; *see Chambers*, 2022 MSPB 8, ¶ 11 (holding that exhaustion may be proved through a declaration attesting to the matters raised with OSC). He further declared that he raised before OSC the issue of meeting with the Hines VA Director to discuss matters related to his application for his former Industrial Hygienist position in October 2017, IAF, Tab 12 at 3, 17, and that he provided OSC with an Industrial Hygiene event tracking table, a May 3, 2016 memorandum on lead and mold, and a March 3, 2016 report on a mold investigation that he had prepared during his prior Hines VA employment, PFR File, Tab 4 at 3, 6-8; IAF, Tab 12 at 44, Tab 13 at 28-30, Tab 16 at 4-42. Therefore, we find that the appellant has proven exhaustion regarding his claim that his nonselection for the GEMS Manager position constituted retaliation for alleged disclosures he made, and was perceived to have made, to agency officials during his prior Hines VA employment from 2015-2016 and to the Hines VA Director at an October 2017 meeting.

> *The appellant has proven exhaustion regarding his reprisal claims under 5 U.S.C. § 2302(b)(9).*

¶11      We further find that the appellant has proven exhaustion regarding his reprisal claims under 5 U.S.C. § 2302(b)(9) based on his submission of the following evidence. In the appellant's January 16, 2018 email that he sent to OSC, he alleged that the agency perceived him as a whistleblower based on his 2013 OSC complaint, Board appeals, and EEO settlement concerning his July 2013 termination from his prior Jesse Brown VA employment and based on his OIG complaint concerning problems at the Hines VA. IAF, Tab 12 at 37, 41. He further alleged in his email to OSC that he filed one USERRA and two VEOA

complaints with DOL concerning his nonselections in 2016-2017. *Id.* at 40. In addition, the appellant submitted an October 13, 2017 letter from OIG confirming that he met with OIG in June 2016 to discuss safety concerns at the Hines VA. *Id.* at 35. Moreover, the appellant declared under penalty of perjury that OSC considered his January 16, 2018 email and the October 13, 2017 OIG letter as part of his most recent whistleblower reprisal complaint regarding his nonselection for the GEMS Manager position. *Id.* at 3, 6.

¶12    Further, the appellant has submitted OSC letters dated November 15 and December 14, 2018, which summarized his whistleblower reprisal complaint as alleging that the agency failed to select him for the GEMS Manager position in retaliation for his prior November 2017 OSC complaint, his August 2018 USERRA complaint with DOL, and his August 2018 Board appeal. PFR File, Tab 7 at 25; IAF, Tab 1 at 8. He also has submitted a separate OSC letter dated December 14, 2018, which acknowledged that he raised an additional allegation of reprisal for filing an EEO complaint. PFR File, Tab 7 at 21. In addition, the appellant has submitted September 2018 emails that he sent to OSC in which he raised the following issues: he alleged that the selecting official for the GEMS Manager position was "coerced by ex[ ]parte remarks" from certain agency officials because of his IRA, USERRA, and VEOA appeals concerning his nonselections in 2016-2017 and his USERRA and VEOA appeals concerning his nonselection for the GEMS Manager position; and he discussed his USERRA complaint that DOL had referred to OSC and his VEOA complaint with DOL concerning the GEMS Manager position.[13] PFR File, Tab 2 at 29-32.

¶13    Therefore, we find that the appellant has proven exhaustion regarding his claim that his nonselection for the GEMS Manager position constituted reprisal for his engagement, and perceived engagement, in the following alleged activities: (1) the 2013 OSC complaint, an EEO complaint, and two Board

---

[13] OSC designated the USERRA complaint referred by DOL as OSC File No. RE-18-5666. IAF, Tab 18 at 14-15.

appeals he filed concerning his July 2013 termination from his prior Jesse Brown VA employment; (2) a June 2016 OIG complaint he filed concerning safety issues at the Hines VA; (3) a November 2017 whistleblower reprisal complaint he filed with OSC, one USERRA and two VEOA complaints he filed with DOL, and three IRA, USERRA, and VEOA appeals he filed with the Board concerning his nonselections in 2016-2017; (4) a May 2018 VEOA complaint and an August 2018 USERRA complaint he filed with DOL and two August 2018 VEOA and USERRA appeals he filed with the Board concerning his nonselection for the GEMS Manager position; and (5) a USERRA complaint he filed with DOL that was referred to OSC.

<u>The appellant has made nonfrivolous allegations sufficient to establish jurisdiction over this IRA appeal.</u>

¶14     The next jurisdictional inquiry is whether the appellant has made nonfrivolous allegations that he made a whistleblowing disclosure or engaged in a protected activity that was a contributing factor in his nonselection for the GEMS Manager position.[14]  *Corthell*, 123 M.S.P.R. 417, ¶ 8.  A nonfrivolous allegation of a protected whistleblowing disclosure is an allegation of facts that, if proven, would show that the appellant disclosed a matter that a reasonable person in his position would believe evidenced one of the categories of wrongdoing specified in 5 U.S.C. § 2302(b)(8).  *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 6 (2016).  The test to determine whether a putative whistleblower has a reasonable belief in the disclosure is an objective one: whether a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the employee could reasonably conclude that the actions of the agency evidenced a violation of law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety.  *Id*.

---

[14] A nonselection is a personnel action.  *King*, 116 M.S.P.R. 689, ¶ 10.

¶15     To satisfy the contributing factor criterion at the jurisdictional stage, an appellant only need raise a nonfrivolous allegation that the fact, or content of, the whistleblowing disclosure or protected activity was one factor that tended to affect the personnel action in any way. *See id.*, ¶ 13. Under the knowledge/timing test, an appellant may nonfrivolously allege that the disclosure or activity was a contributing factor in a personnel action through circumstantial evidence, such as evidence that the official who took the personnel action knew of the disclosure or activity and that the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosure or activity was a contributing factor in the personnel action. *See* 5 U.S.C. § 1221(e)(1); *Salerno*, 123 M.S.P.R. 230, ¶ 13.

¶16     For a claim of reprisal for perceived whistleblowing or engagement in other protected activity, the relevant jurisdictional inquiry is whether the appellant has made nonfrivolous allegations that (1) the agency perceived that he made, or intended to make, a protected disclosure under 5 U.S.C. § 2302(b)(8) or engaged in an activity protected under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D), and (2) the agency's perception was a contributing factor in the personnel action. *See Corthell*, 123 M.S.P.R. 417, ¶ 13; *King*, 116 M.S.P.R. 689, ¶¶ 8-9.

¶17     For the following reasons, we find that the appellant has made nonfrivolous allegations sufficient to establish jurisdiction over some, but not all, of his exhausted claims.

*The appellant's alleged disclosures under 5 U.S.C. § 2302(b)(8).*

> The appellant has failed to nonfrivolously allege that he made, or was perceived to have made, a protected whistleblowing disclosure concerning gross mismanagement during his prior Hines VA employment.

¶18     The appellant alleged that he made the following disclosures concerning mismanagement during his prior Hines VA employment: (1) he questioned the Assistant to the Chief of Engineering why there was no emergency funding for

asbestos cleanup, IAF, Tab 13 at 22; (2) he sent to his supervisor a March 16, 2016 email in which he claimed that it was inappropriate for her to ask the Fire Protection Manager to annotate his work hours and described his concerns about the adequacy of the Fire Protection Manager's confined-space rescue plan for a steam-tunnel system, IAF, Tab 14 at 17-19; and (3) he sent to his supervisor a May 5, 2016 email in which he requested additional resources to support the Industrial Hygiene program, IAF, Tab 6 at 37. Because the substance of these alleged disclosures suggests, at most, that management committed de minimis wrongdoing or negligence, we find that the appellant has failed to make a nonfrivolous allegation that he made, or was perceived to have made, a protected disclosure evidencing gross mismanagement. *See Swanson v. General Services Administration*, 110 M.S.P.R. 278, ¶ 11 (2008) (explaining that "gross mismanagement" means more than de minimis wrongdoing or negligence; it means a management action or inaction that creates a substantial risk of significant adverse impact on the agency's ability to accomplish its mission).

> The appellant has nonfrivolously alleged that he made protected whistleblowing disclosures of safety and health hazards to agency officials during his prior Hines VA employment that were a contributing factor in his nonselection.

¶19     Although the appellant's pleadings are not a model of clarity, we have identified the following disclosures of safety and health hazards that he allegedly made during his prior Hines VA employment:  (1) he provided to his managers and the Human Resources (HR) Officer an Industrial Hygiene event tracking table in which he identified specific rooms in the Hines VA that contained dangerous levels of lead, mold, and asbestos, PFR File, Tab 4 at 7-8; IAF, Tab 12 at 44; (2) he reported to his supervisor that, in Building 1, there was mold in the laundry area and that Information Technology employees were being exposed to asbestos, IAF, Tab 12 at 39, Tab 13 at 21; (3) he reported to his supervisor and the former Chief of Engineering that he was concerned about mold and asbestos in day care

areas and the men's bathroom in Building 2, IAF, Tab 6 at 24; (4) he sent to his supervisor a February 9, 2016 email in which he described his concerns about the adequacy of a hazardous waste storage shed, IAF, Tab 14 at 13; (5) he provided to his managers and the HR Officer a March 3, 2016 report in which he explained that HR employees were being exposed to mold and unsanitary conditions in Building 17, PFR File, Tab 2 at 19, Tab 4 at 8; IAF, Tab 16 at 4-42; (6) he sent to his supervisor a March 16, 2016 email in which he described his concerns about the adequacy of a confined-space rescue plan for an outdated steam-tunnel system that posed the risk of steam-line ruptures, IAF, Tab 6 at 35, Tab 12 at 7, Tab 13 at 23, Tab 14 at 17-18; and (7) he provided to his managers and the HR Officer a May 3, 2016 memorandum in which he discussed the possibility of lead, asbestos, mold, and fungus in the auditorium in Building 9, where children recently had attended a community event, PFR File, Tab 4 at 8; IAF, Tab 2 at 33, Tab 13 at 28-30.

¶20     In determining whether a disclosure evidenced a substantial and specific danger to public health or safety, it is relevant for the Board to consider factors such as (1) the likelihood of harm resulting from the danger, (2) the imminence of the potential harm, and (3) the nature of the potential harm. *Parikh v. Department of Veterans Affairs*, 116 M.S.P.R. 197, ¶ 14 (2011). Considering these factors, we find that the appellant's alleged disclosures of safety and health hazards, as described above, are specific and, if true, would pose a likely, imminent, and serious danger to the health and safety of staff, patients, and visitors at the Hines VA. Therefore, we find that the appellant nonfrivolously alleged that he made protected disclosures that a reasonable person with his Industrial Hygienist experience would believe evidenced a substantial and specific danger to public health or safety. *See, e.g.*, *Wojcicki v. Department of the Air Force*, 72 M.S.P.R. 628, 634-35 (1996). We further find that the appellant nonfrivolously alleged that a reasonable person in his position would believe that the alleged disclosures of safety and health hazards described above

also evidenced a violation of a law, rule, or regulation concerning workplace safety. *See, e.g.*, *Schoenig v. Department of Justice*, 120 M.S.P.R. 318, ¶ 9 (2013).

¶21 For the following reasons, we find that the appellant has nonfrivolously alleged that the disclosures of safety and health hazards described above were a contributing factor in his nonselection. Because the appellant allegedly made such disclosures during his prior Hines VA Employment from December 2015 through June 2016, IAF, Tab 13 at 16, and his nonselection occurred around May 2018, IAF, Tab 1 at 3, Tab 2 at 5, he does not meet the timing component of the knowledge/timing test, *see Salerno*, 123 M.S.P.R. 230, ¶ 14 (observing that a personnel action taken within approximately 1 to 2 years of the disclosures satisfies the timing component of the knowledge/timing test). However, the knowledge/timing test is not the only way for an appellant to satisfy the contributing factor criterion. *Dorney v. Department of the Army*, 117 M.S.P.R. 480, ¶ 14 (2012). When, as here, an appellant fails to satisfy the knowledge/timing test, the Board considers other evidence, such as evidence pertaining to the strength or weakness of the agency's reasons for taking the personnel action, whether the whistleblowing was personally directed at the proposing or deciding officials, and whether these individuals had a desire or motive to retaliate against the appellant. *See id.*, ¶ 15. Any weight given to a whistleblowing disclosure, either alone or in combination with other factors, can satisfy the contributing factor criterion. *Id.*

¶22 Here, the appellant alleged that the selecting official's supervisor, who was the Associate Director and chaired the Hines Safety Committee, had general knowledge of his disclosures. IAF, Tab 12 at 19, Tab 13 at 16, 21, 23. The appellant further alleged that he gave the HR Officer the Industrial Hygiene event tracking table, the March 3, 2016 report on a mold investigation, and the May 3, 2016 memorandum on lead and mold. PFR File, Tab 2 at 19, Tab 4 at 7-8; IAF, Tab 12 at 44, Tab 13 at 28-30, Tab 16 at 4-42. Moreover, the appellant alleged

that the HR Officer sent him an email on May 9, 2018, in which the HR Officer stated that the reason the appellant was not selected for the GEMS Manager position was because he was not on the certificate of eligibles. IAF, Tab 2 at 5, Tab 6 at 31. The appellant further alleged that the selecting official's supervisor and the HR Officer instructed the selecting official to hire an applicant from the certificate of eligibles only. IAF, Tab 6 at 23-24. The appellant argues that the agency had the authority to amend the certificate and to consider him for the GEMS Manager position as a qualified applicant and a disabled veteran, but the agency wrongfully denied his request to be on the certificate that he had made when he submitted his application. *Id.* at 22-25, 28-31. To support his argument, the appellant submitted a letter from DOL determining that the agency had violated his veterans' preference rights regarding his nonselection. IAF, Tab 1 at 10. Because the appellant has raised a material issue about the strength or weakness of the agency's reasons for not selecting him, we find that he has nonfrivolously alleged that his disclosures of safety and health hazards that were known to the selecting official's supervisor and the HR Officer were a contributing factor in their actions that influenced the selecting official's decision. *See, e.g.*, *Dorney*, 117 M.S.P.R. 480, ¶ 17.

> The appellant has nonfrivolously alleged that he made protected whistleblowing disclosures about asbestos and veterans' preference violations to the Hines VA Director in an October 2017 meeting that were a contributing factor in his nonselection.

¶23 The appellant alleged that, in an October 2017 meeting with the Hines VA Director, he reiterated his concern that employees were being exposed to asbestos. IAF, Tab 6 at 24, Tab 13 at 17. Assuming that the appellant raised the same or similar disclosures concerning asbestos that he allegedly had made during his prior Hines VA employment, as described and analyzed above, we find that he nonfrivolously alleged that he made a protected disclosure evidencing a substantial and specific danger to public health or safety and a violation of a law,

rule, or regulation concerning workplace safety. *See* 5 U.S.C. § 2302(f)(1)(B) (providing that a disclosure shall not be excluded from subsection (b)(8) because it revealed information that had been previously disclosed). We further find that the appellant's allegation that he also complained to the Hines VA Director at the meeting about how the agency was violating his veterans' preference rights and denying him the ability to compete by failing to rehire him constitutes a nonfrivolous allegation that he made a protected disclosure evidencing a violation of a law, rule, or regulation concerning veterans' preference. IAF, Tab 6 at 24, Tab 12 at 17, Tab 13 at 17. However, we find that the appellant's allegation that he told the Hines VA Director that he could help the agency fix problems such as the mismanagement of the Industrial Hygiene program is not sufficiently specific or detailed to nonfrivolously allege that he made, or was perceived to have made, a protected disclosure evidencing gross mismanagement. IAF, Tab 13 at 17; *see Salerno*, 123 M.S.P.R. 230, ¶¶ 6-7.

¶24      Moreover, we find that the appellant made nonfrivolous allegations satisfying the contributing factor criterion through the knowledge/timing test. Specifically, the appellant's May 2018 nonselection occurred less than 1 year after he allegedly made protected disclosures to the Hines VA Director in an October 2017 meeting. IAF, Tab 1 at 3, Tab 2 at 5, Tab 6 at 24, Tab 12 at 17, Tab 13 at 17. Thus, the timing component is satisfied. *See Salerno*, 123 M.S.P.R. 230, ¶ 14. The appellant further alleged that the Hines VA Director advised the selecting official not to hire him for the GEMS Manager position. IAF, Tab 2 at 4. Accordingly, we find that the appellant nonfrivolously alleged that the selecting official had constructive knowledge of his alleged disclosures to the Hines VA Director about asbestos and veterans' preference violations. *See Bradley v. Department of Homeland Security*, 123 M.S.P.R. 547, ¶ 15 (2016) (observing that an appellant may establish an official's constructive knowledge of a protected disclosure by demonstrating that an individual with actual knowledge of the disclosure influenced the official accused of taking the retaliatory action).

*The appellant's alleged activities under 5 U.S.C. § 2302(b)(9).*

> The appellant has nonfrivolously alleged that he engaged in protected activities under 5 U.S.C. § 2302(b)(9)(C) that were a contributing factor in his nonselection.

¶25    Protected activity under 5 U.S.C. § 2302(b)(9)(C) is "cooperating with or disclosing information to the Inspector General (or any other component responsible for internal investigation or review) of an agency, or the Special Counsel, in accordance with applicable provisions of law."  The appellant has submitted a letter from OIG confirming that he filed, a June 2016 OIG complaint concerning safety issues at the Hines VA.  IAF, Tab 2 at 27.  Further, the record contains a letter from OSC dated October 18, 2018, confirming that, pursuant to the appellant's referral request, OSC reviewed his USERRA complaint that he had filed with DOL alleging that he had been denied reinstatement and was not selected for vacancies in 2016-17 after he had resigned from his position to seek treatment for service-connected injuries. IAF, Tab 18 at 14-15.  Therefore, we find that the appellant has nonfrivolously alleged that he engaged in protected activity under 5 U.S.C. § 2302(b)(9)(C) by filing the aforementioned OIG complaint and by referring his USERRA complaint to OSC.

¶26    For the following reasons, we find that the appellant has nonfrivolously alleged that his OIG complaint and the referral of his USERRA complaint to OSC were a contributing factor in his nonselection.  Specifically, the appellant's May 2018 nonselection occurred less than 2 years after he allegedly filed an OIG complaint in June 2016 IAF, Tab 1 at 3, Tab 2 at 5, 27.  Thus, the timing component of the knowledge/timing test is satisfied.  *See Salerno*, 123 M.S.P.R. 230, ¶ 14.  In addition, the appellant alleged that the HR Officer knew of the complaint.  IAF, Tab 2 at 5, Tab 5 at 9, 21, Tab 13 at 18-19, 21.  The appellant further alleged that the selecting official had constructive knowledge of the complaint because the HR Officer, with the HR staff, influenced the selecting official by effectively telling him not to hire the appellant.  IAF, Tab 2 at 5, Tab 6

at 24, Tab 13 at 20-21; *see Bradley*, 123 M.S.P.R. 547, ¶ 15. Therefore, we find that the appellant has satisfied the contributing factor criterion through the knowledge/timing test for purposes of his June 2016 OIG complaint.

¶27   Although the appellant does not specify when he requested that DOL refer his USERRA complaint to OSC, the record reflects that OSC received his file from DOL by at least September 2018 and that it ended its review of his case in October 2018. PFR File, Tab 2 at 29; IAF, Tab 18 at 14. The record further reflects that DOL's investigation of his USERRA complaint was ongoing in November and December 2017. IAF, Tab 13 at 32, Tab 18 at 51-53. Moreover, the appellant alleged that the selecting official and the HR Officer knew of his USERRA complaint because they reviewed his related Freedom of Information Act request in February 2018. PFR File, Tab 7 at 8; IAF, Tab 6 at 24, 34, Tab 12 at 7, 12. Because the appellant's USERRA complaint accused the HR Officer of wrongdoing regarding the appellant's nonselections in 2016-2017, we find that the appellant has nonfrivolously alleged that the HR Officer, who purportedly influenced the selecting official, had a motive to retaliate based on the appellant's USERRA complaint. IAF, Tab 12 at 36-40, Tab 13 at 20-21, Tab 18 at 14, 51. Thus, we find that the appellant has made nonfrivolous allegations sufficient to establish that the referral of his USERRA complaint to OSC was a contributing factor in his nonselection.[15] *See Dorney*, 117 M.S.P.R. 480, ¶ 15.

> The appellant has nonfrivolously alleged that he engaged in protected activities under 5 U.S.C. § 2302(b)(9)(A)(i) that were a contributing factor in his nonselection.

¶28   Protected activity under 5 U.S.C. § 2302(b)(9)(A)(i) is "the exercise of any appeal, complaint, or grievance right granted by any law, rule, or regulation—(i) with regard to remedying a violation of [5 U.S.C. § 2302(b)(8)]." Thus, only appeals, complaints, or grievances seeking to remedy whistleblower reprisal are

---

[15] On remand, the administrative judge should address when the appellant requested that DOL refer his USERRA complaint to OSC in determining whether he proves the contributing factor criterion.

covered under 5 U.S.C. § 2302(b)(9)(A)(i). *See Mudd v. Department of Veterans Affairs*, 120 M.S.P.R. 365, ¶¶ 6-7 (2013). Here, it is undisputed that the appellant sought to remedy alleged whistleblower reprisal in two prior Board appeals he filed concerning his July 2013 termination from his prior Jesse Brown VA employment and a prior IRA appeal he filed with the Board concerning his nonselections in 2016-2017. ID at 2-3, 5. Further, the appellant filed the 2013 OSC complaint alleging that his July 2013 termination from his prior Jesse Brown VA employment had been retaliatory and the November 2017 OSC complaint asserting retaliation with respect to his nonselections in 2016-2017. Therefore, we find that the appellant has nonfrivolously alleged that he engaged in protected activity under 5 U.S.C. § 2302(b)(9)(A)(i) by filing these prior Board appeals and OSC complaints.

¶29     However, we find that the appellant has failed to nonfrivolously allege that he engaged, or was perceived to have engaged, in protected activity under 5 U.S.C. § 2302(b)(9)(A)(i) based on the following remaining alleged activities that he exhausted: an EEO complaint he filed concerning his July 2013 termination from his prior Jesse Brown VA employment; one USERRA and two VEOA complaints he filed with DOL and two USERRA and VEOA appeals he filed with the Board concerning his nonselections in 2016-2017; a May 2018 VEOA complaint and an August 2018 USERRA complaint he filed with DOL and two August 2018 VEOA and USERRA appeals he filed with the Board concerning his nonselection for the GEMS Manager position.[16] *See supra* ¶ 13. In particular, the appellant's submissions do not suggest that he sought to remedy alleged whistleblower reprisal in any of these complaints or appeals; rather, his submissions suggest that he filed them to remedy alleged EEO, USERRA, and

---

[16] Moreover, the appellant's May 20, 2018 VEOA complaint and August 2018 USERRA complaint he filed with DOL and two August 2018 VEOA and USERRA appeals he filed with the Board could not have been a contributing factor in his nonselection because he allegedly filed them after he was not selected on or around May 9, 2018. IAF, Tab 1 at 3, Tab 2 at 5, 11.

VEOA violations. PFR File, Tab 2 at 29-31; IAF, Tab 2 at 9-11, Tab 6 at 29, Tab 7 at 27, Tab 12 at 40; *see* ID at 2-6. Even if the appellant's alleged EEO and DOL complaints and USERRA and VEOA appeals constitute protected activity under 5 U.S.C. § 2302(b)(9)(A)(ii), they cannot form the basis of an IRA appeal. *See* 5 U.S.C. § 1221(e); *Mudd*, 120 M.S.P.R. 365, ¶ 7.

¶30     For the following reasons, we find that the appellant has nonfrivolously alleged that his two prior Board appeals concerning his July 2013 termination from his prior Jesse Brown VA employment and his prior IRA appeal concerning his nonselections in 2016-2017 were a contributing factor in his nonselection for the GEMS Manager position. Regarding the appellant's prior IRA appeal concerning his nonselections in 2016-2017, we find that the appellant has met the timing component of the knowledge/timing test because his May 2018 nonselection allegedly occurred approximately 5 months after he filed that appeal in December 2017. ID at 5; IAF, Tab 1 at 3, Tab 2 at 5; *see Salerno*, 123 M.S.P.R. 230, ¶ 14. We further find that the appellant's assertions that the selecting official's supervisor and the HR Officer had knowledge of his prior IRA appeal, PFR File, Tab 2 at 31, and that they effectively told the selecting official not to hire the appellant, IAF, Tab 2 at 5, Tab 6 at 24, Tab 13 at 20-21, constitute nonfrivolous allegations that the selecting official had constructive knowledge of his prior IRA appeal. *See Bradley*, 123 M.S.P.R. 547, ¶ 15. Therefore, we find that the appellant has satisfied the contributing factor criterion through the knowledge/timing test for purposes of his prior IRA appeal.

¶31     Regarding the appellant's two prior Board appeals concerning his July 2013 termination from his prior Jesse Brown VA employment, the appellant alleged that the HR Officer had knowledge of these appeals because the HR Officer asked him questions related to the matter. IAF, Tab 6 at 29, Tab 12 at 37; *see* ID at 2-3. Further, the appellant has alleged that the selecting official knew about these appeals because the selecting official thought he had contested his termination. PFR File, Tab 7 at 7; IAF, Tab 7 at 19, Tab 13 at 22. As explained above, the

appellant has raised a material issue about the strength or weakness of the HR Officer's stated reason for the appellant's nonselection, i.e., he was not on the certificate of eligibles. IAF, Tab 2 at 5, 9, Tab 6 at 31. Thus, we find that the appellant has nonfrivolously alleged that his prior Board appeals concerning his July 2013 termination were a contributing factor in his nonselection. *See, e.g.,* *Dorney*, 117 M.S.P.R. 480, ¶ 17.

¶32  In addition, the appellant alleged that the HR Officer knew about the appellant's OSC complaint concerning his July 2013 termination from his prior Jesse Brown VA employment. PFR File, Tab 7 at 31-33; IAF, Tab 12 at 37. As explained above, the appellant has raised a material issue about the strength or weakness of the HR Officer's stated reason for the appellant's nonselection, i.e., he was not on the certificate of eligibles. IAF, Tab 2 at 5, 9, Tab 6 at 31. Thus, we find that the appellant has nonfrivolously alleged that his prior OSC complaint concerning his July 2013 termination was a contributing factor in his nonselection. *See, e.g.*, *Dorney*, 117 M.S.P.R. 480, ¶ 17.

¶33  As to the appellant's November 2017 OSC complaint, the complaint was filed approximately 7 months before the May 2018 nonselection, and therefore the timing component of the knowledge/timing test is satisfied. *See Salerno*, 123 M.S.P.R. 230, ¶ 14. And, as noted above, the appellant alleged that the HR Officer had knowledge of the complaint and influenced the selecting official by effectively telling him not to hire the appellant. IAF, Tab 2 at 5, Tab 6 at 24, Tab 13 at 20-21; *see Bradley*, 123 M.S.P.R. 547, ¶ 15. Accordingly, we find that the appellant has made a nonfrivolous allegation that the November 2017 OSC complaint was a contributing factor in the agency's decision not to select him for the GEMS Manager position.

¶34  Accordingly, because we find that the appellant has exhausted his administrative remedies before OSC and has nonfrivolously alleged that he made protected whistleblowing disclosures and engaged in protected activities that were a contributing factor in his nonselection for the GEMS Manager position, we

remand this IRA appeal for the appellant's requested hearing and a decision on the merits of his claim.[17]  Specifically, on remand, the administrative judge shall adjudicate the appellant's claim that his nonselection constituted reprisal for the following:  (1) disclosures of safety and health hazards that he made to agency officials during his prior Hines VA employment in 2015-2016; (2) disclosures about asbestos and veterans' preference violations that he made to the Hines VA Director in an October 2017 meeting; (3) a prior OSC complaint and two Board appeals he filed concerning his July 2013 termination from his prior Jesse Brown VA employment; (4) a June 2016 OIG complaint he filed concerning safety issues at the Hines VA; (5) a November 2017 OSC complaint and a prior IRA appeal he filed concerning his nonselections in 2016-2017; and (6) a USERRA complaint he filed with DOL that was referred to OSC for review.[18]

---

[17] On remand, the administrative judge should consider whether the appellant's disclosures under 5 U.S.C. § 2302(b)(8) were made during the normal course of his duties.  Section 101 of the WPEA provided, in part, that a disclosure "made during the normal course of duties of an employee," and otherwise covered by 5 U.S.C. § 2302(b)(8), is protected if the agency "took, failed to take, or threatened to take or fail to take a personnel action with respect to that employee in reprisal for the disclosure."  This provision was initially codified at 5 U.S.C. § 2302(f)(2).  On October 26, 2017, Congress enacted the Dr. Chris Kirkpatrick Whistleblower Protection Act of 2017, Pub. L. No. 115-73, 131 Stat. 1235, which recodified the provision at 5 U.S.C. § 2302(e)(2). Section 1097 of the 2018 NDAA amended and recodified the provision at 5 U.S.C. § 2302(f)(2).  The Board has held that section 2302(f)(2) imposed an "extra proof requirement" for these types of disclosures such that an appellant to whom the provision applies must prove by preponderant evidence that the agency took a personnel action because of the disclosure and did so with an improper, retaliatory motive. *See Salazar v. Department of Veterans Affairs*, 2022 MSPB 42, ¶ 13.  Moreover, this section of the statute expressly applies only to an employee whose principal job function is to regularly investigate and disclose wrongdoing.  *Id.*, ¶ 15.  The administrative judge should consider what effect, if any, section 2302(f)(2) has on this appeal.

[18] If the appellant cannot prove on remand that he made a particular protected disclosure or engaged in a particular protected activity, the administrative judge should consider the appellant's alternative exhausted claim that his nonselection constituted retaliation based on the agency's perception that he made a protected disclosure or engaged in a protected activity.  *See King*, 116 M.S.P.R. 689, ¶ 6 (explaining that an individual who is perceived as a whistleblower still is entitled to the protections of the Whistleblower Protection Act, even if he has not made protected disclosures).

<u>The appellant's remaining evidence and argument on review do not warrant a different outcome.</u>

¶35     On review, the appellant asserts that the agency violated his constitutional due process rights, committed harmful error and other prohibited personnel practices, discriminated against him, and committed violations of his veterans' preference rights. PFR File, Tab 2 at 15-17, 19-23, Tab 7 at 6-7. The Board does not have jurisdiction over these claims in the context of an IRA appeal. *See, e.g., Benton-Flores v. Department of Defense*, 121 M.S.P.R. 428, ¶ 6 n.1 (2014); *Smets v. Department of the Navy*, 117 M.S.P.R. 164, ¶ 14 (2011), *aff'd*, 498 F. App'x 1 (Fed. Cir. 2012); *McCarthy v. International Boundary and Water Commission*, 116 M.S.P.R. 594, ¶ 27 (2011), *aff'd*, 497 F. App'x 4 (Fed. Cir. 2012). On remand, the administrative judge should consider such assertions only to the extent they are relevant or material to the appellant's reprisal claims. *See Marren v. Department of Justice*, 51 M.S.P.R. 632, 638-39 (1991), *aff'd*, 980 F.2d 745 (Fed. Cir. 1992) (Table), *and modified on other grounds by Robinson v. U.S. Postal Service*, 63 M.S.P.R. 307, 323 n.13 (1994).

¶36     In addition, we decline to address the appellant's allegations pertaining to his other Board appeals or matters that are otherwise outside the scope of this IRA appeal.[19] PFR File, Tab 7 at 9, 34-40.

¶37     Finally, to the extent the appellant argues that the administrative judge was biased because she unfairly closed the case, PFR File, Tab 7 at 16, we find that

---

[19] We find that the administrative judge correctly denied the appellant's stay request because, although the appellant has satisfied the nonfrivolous allegation standard at this jurisdictional stage, he has not yet provided evidence or argument showing a substantial likelihood that he will prevail on the merits. *Hendy v. Department of Veterans Affairs*, MSPB Docket No. CH-1221-19-0217-S-1, Stay File (S-1 File), Tab 3; PFR File, Tab 4 at 9; *see Mogyorossy v. Department of the Air Force,* 96 M.S.P.R. 652, ¶ 25 (2004) (finding that the administrative judge correctly denied the appellant's stay request). We address the appellant's argument on this issue because the administrative judge denied his request for an interlocutory appeal of the stay decision. S-1 File, Tab 16; *see Mogyorossy* 96 M.S.P.R. 652, ¶ 24 (addressing the appellant's arguments regarding his entitlement to a stay in an IRA appeal when the administrative judge denied his request for a stay and his request for an interlocutory appeal of that decision).

this is an insufficient basis to rebut the presumption of honesty and integrity that accompanies an administrative judge, *see Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994) for the proposition that an administrative judge's conduct during the course of a Board proceeding warrants a new adjudication only if her comments or actions evidence "a deep-seated favoritism or antagonism that would make fair judgment impossible."). In sum, we have considered the appellant's remaining evidence and argument on review but find that they do not warrant a different outcome in this appeal.

## ORDER

For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:                    _____

*Gina K. Grippando*

                                   Gina K. Grippando
                                   Clerk of the Board

Washington, D.C.